UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH J. HICKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-153 JMB |
| | ) | |
| JASON LEWIS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

**Background**

On July 1, 2014, petitioner was found guilty by a jury of two counts of first degree child molestation. *See State v. Hicks,* No. 12SF-CR01132-01 (24th Judicial Circuit, St. Francois County Court). On August 15, 2014, petitioner was sentenced to thirty years' imprisonment on each count, to be served consecutively, for a total term of imprisonment of sixty years.

Petitioner filed a timely appeal, and his conviction and sentence was affirmed on appeal on September 8, 2015. *Hicks v. State*, No. ED101927.

Petitioner filed his post-conviction motion to vacate his sentence, pursuant to Mo.Sup.Ct.R. 29.15 on August 27, 2014. *See Hicks v. State,* No. 14SF-CC00181 (24th Judicial Circuit, St. Francis County Court). Counsel for petitioner filed an amended motion to vacate after his direct appeal was denied, on May 26, 2016. Petitioner's motion to vacate was denied on June 28, 2016.

1

Petitioner timely appealed the denial of his motion to vacate to the Missouri Eastern District Court of Appeals. *See Hicks v. State*, No. ED104685. The Court denied the post-conviction appeal on April 25, 2017, and the mandate was entered on May 2, 2017.

On petitioner's application for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, petitioner declares that he placed his application in the prison mailing system at Southeast Correctional Center ("SECC") on June 14, 2018.

## Discussion

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here,

a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, that is, fifteen days after the court of appeals issues its opinion. *Gonzalez v. Thaler,* 132 S. Ct. 641 (2012); Mo. S. Ct. R. 83.02.

Accordingly, petitioner's judgment of conviction here became final on September 23, 2015, fifteen days after the Missouri Court of Appeals affirmed his conviction on direct appeal. The one-year limitations period was tolled, however, during the pendency of petitioner's post-conviction proceedings, that is, from August 27, 2014 through May 2, 2017. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of the mandate). Petitioner's application for habeas relief was due to the Court no later than three-hundred and sixty-five days from May 2, 2017. In other words, his petition was due to the Court no later than May 2, 2018. Unfortunately, petitioner placed his application for relief in the prison mailbox on June 14, 2018, making his petition forty-three (43) days late.

The instant petition has been filed more than forty-three (43) days late. As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 26th day of October, 2018.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE