# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JOSEPH J. HICKS, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-CV-153 JMB |
| JASON LEWIS, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner's response to the Order to Show Cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2244.

## Background

On July 1, 2014, petitioner was found guilty by a jury of two counts of first degree child molestation. *See State v. Hicks,* No. 12SF-CR01132-01 (24th Judicial Circuit, St. Francois County Court). On August 15, 2014, petitioner was sentenced to thirty years' imprisonment on each count, to be served consecutively, for a total term of imprisonment of sixty years. Petitioner filed a timely appeal, and his conviction and sentence was affirmed on appeal on September 8, 2015. *Hicks v. State*, No. ED101927.

Petitioner filed his post-conviction motion to vacate his sentence, pursuant to Mo.Sup.Ct.R. 29.15 on August 27, 2014. *See Hicks v. State,* No. 14SF-CC00181 (24th Judicial Circuit, St. Francis County Court). Counsel for petitioner filed an amended motion to vacate after

---
[1]On October 18, 2018, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

1

his direct appeal was denied, on May 26, 2016. Petitioner's motion to vacate was denied on June 28, 2016.

Petitioner timely appealed the denial of his motion to vacate to the Missouri Eastern District Court of Appeals. *See Hicks v. State*, No. ED104685. The Court denied the post-conviction appeal on April 25, 2017, and the mandate was entered on May 2, 2017.

On petitioner's application for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, petitioner declares that he placed his application in the prison mailing system at Southeast Correctional Center ("SECC") on June 14, 2018.

**Discussion**

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, that is, fifteen days after the court of appeals issues its opinion. *Gonzalez v. Thaler,* 132 S. Ct. 641 (2012); Mo. S. Ct. R. 83.02.

Accordingly, petitioner's judgment of conviction here became final on September 23, 2015, fifteen days after the Missouri Court of Appeals affirmed his conviction on direct appeal. The one-year limitations period was tolled, however, during the pendency of petitioner's post-conviction proceedings, that is, from August 27, 2014 through May 2, 2017. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of the mandate). Petitioner's application for habeas relief was due to the Court no later than three-hundred and sixty-five days from May 2, 2017. In other words, his petition was due to the

2

Court no later than May 2, 2018. Unfortunately, petitioner placed his application for relief in the prison mailbox on June 14, 2018, making his petition forty-three (43) days late.

In his response to the Order to Show Cause, petitioner asserts that he should be excused from the one-year statute of limitations because he is indigent, the law library at Southeast Correction Center is inadequate, he doesn't know the law, there was no one to assist him in his legal procedures, he has been moved around quite a bit, and there was a delay in receipt of his exhibits to his petition.[2]

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is Aan exceedingly narrow window of relief. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling. *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that Aeven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted@).

---

[2]The Court is unaware of petitioner's assertions regarding his failure to file his exhibits to his petition, in addition to his allegations relating to his inability to file a timely motion to proceed in forma pauperis. Exhibits were filed as attachments to petitioner's complaint, and petitioner filed his certified account statement, which the Court interprets as a motion to proceed in forma pauperis, on November 5, 2018. Neither of the aforementioned filings have any bearing on the timeliness of petitioner's application for habeas corpus.

Petitioner's vague assertions about his lack of counsel are clearly insufficient to allow equitable tolling. The Eighth Circuit Court of Appeals has repeatedly held that faulty or lack of legal assistance alone does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt,* 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion).

Moreover, this Court cannot begin to examine petitioner's assertions regarding his belief that his Constitutional rights were violated during this trial court process when he has not first shown that he was diligently pursuing his rights and some extraordinary circumstance prevented him from presenting his claims to this Court in a timely fashion. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

As petitioner has failed to give an equitable reason why his untimeliness should be excused, the Court must dismiss the petition under 28 U.S.C. § 2244 as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #7] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT**.

Dated this 26th day of November, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE